Cynthia L. Alexander, Esq.
Nevada Bar No. 6718
Justin R. Cochran, Esq.
Nevada Bar No. 11939
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
Telephone (702) 784-5200
Facsimile  (702) 784-5252
Email: clalexander@swlaw.com

*Attorneys for Defendant Wells Fargo Bank, N.A.*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RICK ROBERTS THOMAS an individual,<br><br>Plaintiff,<br><br>vs.<br><br>WACHOVIA MORTGAGE, FSB; WELLS FARGO BANK N.A.; NATIONAL DEFAULT SERVICING CORP.; MERSCORP, INC., a Virginia Corporation, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. a subsidiary of MERSCORP, Inc., a Delaware corporations; AND DOES I individuals 1 to 100, Inclusive; and all other persons and entities unknown claiming any right, title, estate, lien or interest in the real property described in the Complaint adverse to Plaintiff's ownership, or any cloud upon Plaintiff's title thereto,<br><br>Defendants. | CASE NO. 2:10-cv-01819<br><br>**WELLS FARGO BANK N.A.'S OPPOSITION TO PLAINTIFF'S MOTION TO STAY LITIGATION PROCEEDINGS PENDING DETERMINATION ON MOTION TO REMAND** |

COMES NOW Defendant Wells Fargo Bank, N.A., also named as Wachovia Mortgage, F.S.B., ("Wells Fargo" or "Defendant"), by and through its counsel, the law firm of Snell & Wilmer L.L.P., and hereby opposes Plaintiff's Motion to Stay Litigation Proceedings Pending Determination on Motion to Remand ("Motion to Stay").

///

This Opposition to Plaintiff's Motion to Stay ("Opposition") is based on the memorandum of points and authorities herein, all papers and pleadings on file, and any oral argument that this Court may entertain.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

The complaint ("Complaint") was originally filed in the District Court of Clark County, Nevada, Case No. A-10-625166-C. This matter was removed to federal court on October 19, 2010. (Doc. No. 1). After Wells Fargo filed a Partial Motion to Dismiss, Plaintiff filed a Motion to Remand the case to state court. (Doc. No. 8). Additionally, Plaintiff filed a Motion for Stay of Litigation Proceedings Pending Determination on Motion to Remand. (Doc. No. 7). Wells Fargo opposed Plaintiff's Motion to Remand on November 11, 2010. (Doc. No. 11).

Wells Fargo filed a Partial Motion to Dismiss on October 26, 2010. (Doc. No. 4). When the Motion was filed, this Court issued a minute order requiring any response to be filed by November 10, 2010. (Doc. No. 6). However, Plaintiff has failed to follow the Court's minute order and a response to Wells Fargo's Partial Motion to Dismiss has not been filed. Presumably, Plaintiff's Motion to Stay foreshadows his position that a response to Wells Fargo's Partial Motion to Dismiss is not required until the Court rules on his Motion to Remand.

Nevertheless, Wells Fargo now opposes Plaintiff's Motion to Stay, as Plaintiff has provided wholly inadequate grounds to justify such an order from this Court.

### II.

### LEGAL ARGUMENT

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. American Water Works & Elec. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936). Importantly, the moving party "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Landis*, 299 U.S. at 255.

Moreover, it is necessary to weigh competing interests of those that will be affected by the stay. *Id.* at 254-255. *See CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) ("Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed."); *see also Filtrol Corp. v. Kelleher*, 467 F.2d 242, 244 (9th Cir. 1972) (quoting CMAX, Inc.).

A.  **Plaintiff Fails To Support His Motion with Sufficient Arguments to Justify A Stay**

Plaintiff fails to provide this Court with sufficient grounds to grant his Motion to Stay. Plaintiff states that the granting of the Motion to Stay will "afford the court with an opportunity to circumvent procedural gamesmanship by the defendant parties in their strategic avoidance of addressing the true 'State' issues and merits of the case at bar." Mot. for Stay 1. Contrary to Plaintiff's assertions, it is Plaintiff who is engaging in dilatory tactics to forestall a lawful non-judicial foreclosure. Plaintiff's pre-manufactured Motion to Remand is largely inapplicable to the facts of the instant action and his Motion to Stay fails to demonstrate why this Court should order such relief.

Additionally, Plaintiff asserts that there is "reasonable doubt as to the diversity jurisdiction area as some of the parties intrinsic to the nature of the claims by the Plaintiff are well within the 'reach' as of the State of Nevada statutory regulations" *Id.* at 2. Interestingly, Plaintiff fails to make even one argument regarding the lack of diversity of citizenship in his Motion to Remand. Rather, Plaintiff utilizes four pages in his Motion to Remand to vigorously assert that there exists no federal question in his Complaint. Wells Fargo, however, did not remove this action to the Court based on federal question jurisdiction.

Plaintiff has completely failed in making out a clear case of hardship or inequity in being required to go forward with this litigation. In the absence of Plaintiff's Opposition, the parties risk indefinitely suspending briefing on a Motion to Dismiss which would result in prejudice. Both Plaintiff and Wells Fargo will benefit from moving forward with the briefing, as scheduled. If this occurs, the Court could set a hearing on Plaintiff's Motion to Remand and Wells Fargo's Partial Motion to Dismiss at the same time. For efficiency sake, the Court would then have complete briefing before it which would permit immediate ruling on Wells Fargo's Partial Motion

to Dismiss if Plaintiff's Motion to Remand is denied. Moreover, Wells Fargo wants to begin discovery as soon as permitted in order to prevent further delays. Because Plaintiff's unsupported Motion to Stay is completely inadequate to justify such action by this Court, it must be denied

Alternatively, if the remand motion is granted, the parties will be able to use much of the same briefing in the state court case. As such, the parties will not be prejudiced by moving forward with the briefing on the motion to dismiss as scheduled, and instead would be prejudiced if Plaintiff is permitted to indefinitely suspend his obligations to respond to Wells Fargo's Motion, causing further delay in this litigation

### B. Plaintiff's Motion to Remand Is Unlikely to Succeed On The Merits Because This Court Has Jurisdiction On The Basis Of Diversity Of Citizenship

Plaintiff's Motion to Stay is further unnecessary because Plaintiffs Motion to Remand lacks merit. As demonstrated in Wells Fargo's Removal Petition, this Court has jurisdiction on the basis of diversity of citizenship under 28 U.S.C. §1332 because this action is between citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a).

There is complete diversity between the parties because, at the time Plaintiff's Complaint was filed, Plaintiff, upon information and belief, was and still is a citizen of the State of Nevada. *See* Compl. ¶ 1. For diversity jurisdiction purposes, a national bank is a citizen of the state designated as its main office on its organization certificate. *See Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 306 (2006). Accordingly, Wells Fargo is a citizen of South Dakota – the state listed on Wells Fargo's organization certificate. Moreover, based on Wells Fargo's Opposition to Plaintiff's Motion to Remand, the other Defendants in this action, whom Plaintiff has failed to serve, are citizens of states other than Nevada. *See* Opp. Mot. to Rem.

The jurisdictional amount required for removal based on diversity is met because Plaintiff's Complaint establishes that the amount in controversy exceeds the sum of $75,000.00. *See* 28 U.S.C. § 1332(a). In actions involving equitable relief, the standard is that the amount of controversy may be measured by the value of the relief sought by plaintiff or the cost to defendant if the relief is granted. *See Riddler Bros., Inc. v. Blethen*, 142 F.2d 395, 398-399 (9th Cir. 1944).

///

Because Plaintiff seeks damages and to maintain title to real property, and dispute the ability of Defendants to enforce the loan documents secured by the real property, the amount of damages plus the value of the property at issue is well in excess of $75,000.00. Consequently, the Action satisfies the amount in controversy requirement under 28 U.S.C. § 1332.

Accordingly, because complete diversity exists between Defendants and Plaintiff and the amount in controversy exceeds $ 75,000.00, this case is properly removed to the Court pursuant to 28 U.S.C. § 1441(a).

### III.

### CONCLUSION

As set forth in the foregoing memorandum of points and authorities, the Motion to Stay must be denied because Plaintiff fails to meet his burden in demonstrating a clear case of hardship or inequity in being required to continue this litigation. Moreover, this litigation is ultimately a result of Plaintiff's action and Wells Fargo should not be prejudiced by Plaintiffs dilatory tactics. Therefore, Wells Fargo respectfully requests this Court to deny Plaintiff's Motion to Stay

Dated: November 12, 2010.

SNELL & WILMER L.L.P.

By: _____
Cynthia L. Alexander, Esq.
Justin R. Cochran, Esq.
3883 Howard Hughes Parkway
Suite 1100
Las Vegas, NV 89169

*Attorneys for Defendant Wells Fargo Bank, N.A.*

**CERTIFICATE OF SERVICE**

I, the undersigned, declare under penalty of perjury, that I am over the age of eighteen (18) years, and I am not a party to, nor interested in, this action. On this date, I caused to be served a true and correct copy of the foregoing **WELLS FARGO BANK N.A.'S OPPOSITION TO PLAINTIFF'S MOTION TO STAY LITIGATION PROCEEDINGS PENDING DETERMINATION ON MOTION TO REMAND** by method indicated below:

__X__  U.S. Mail

_____  U.S. Certified Mail

_____  Facsimile Transmission

_____  Federal Express

_____  Electronic Service via CM/ECF

and addressed to the following:

Rick Roberts Thomas
6775 Whispering Sands Dr.
Las Vegas, NV 89131

*Plaintiff in Pro Per*

DATED this 12th day of November, 2010

/s/ Sandra L. Sell
An employee of Snell & Wilmer L.L.P.

- 6 -