Cynthia L. Alexander, Esq.
Nevada Bar No. 6718
Justin R. Cochran, Esq.
Nevada Bar No. 11939
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
Telephone (702) 784-5200
Facsimile (702) 784-5252
Email: calexander@swlaw.com
jcochran@swlaw.com

*Attorneys for Defendant Wells Fargo Bank, N.A.*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RICK ROBERTS THOMAS an individual,<br><br>Plaintiff,<br><br>vs.<br><br>WACHOVIA MORTGAGE, FSB; WELLS FARGO BANK N.A.; NATIONAL DEFAULT SERVICING CORP.; MERSCORP, INC., a Virginia Corporation, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. a subsidiary of MERSCORP, Inc., a Delaware corporations; AND DOES I individuals 1 to 100, Inclusive; and all other persons and entities unknown claiming any right, title, estate, lien or interest in the real property described in the Complaint adverse to Plaintiff's ownership, or any cloud upon Plaintiff's title thereto,<br><br>Defendants. | CASE NO. 2:10-cv-01819<br><br>**DEFENDANT WELLS FARGO BANK, N.A.'S MOTION TO STRIKE PLAINTIFF'S PROPOSED ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION and PLAINTIFF'S NOTICE OF NON-OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION PURSUANT TO LOCAL RULE 7-2(b), (d)** |

Defendant Wells Fargo Bank, N.A., also named as Wachovia Mortgage, FSB ("Wells Fargo") by and through its counsel, the law firm of Snell & Wilmer L.L.P., hereby moves the Court to Strike Plaintiff's Proposed Order Granting Plaintiff's Motion for Preliminary Injunction and Plaintiff's Notice of Non-Opposition to Motion for Preliminary Injunction Pursuant to Local Rule 7-2(b), (d) (together "Plaintiff's Proposed Order and Notice of Non-Opposition").

12252860

Wells Fargo's Motion to Strike is based on the Memorandum of Points and Authorities herein, Plaintiff's Proposed Order and all other documents or papers filed in this action.

Dated: November 24, 2010.

SNELL & WILMER L.L.P.

By: /s/ Justin R. Cochran
Cynthia L. Alexander, Esq.
Justin R. Cochran, Esq.
3883 Howard Hughes Parkway
Suite 1100
Las Vegas, NV  89169

*Attorneys for Defendant Wells Fargo Bank, N.A.*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.
## INTRODUCTION

This case is based upon Plaintiff's Complaint that alleges wrongdoing associated with a loan entered into by Plaintiff used to re-finance real property. The Complaint includes Wells Fargo as a Defendant to all causes of action asserted.

In response to the Complaint, Wells Fargo filed a Partial Motion to Dismiss Plaintiff's Complaint. [Docket No. 4]. Thereafter, Plaintiff filed a Motion to Remand and a Motion to Stay Proceedings Pending Determination on Motion to Remand. [Docket No. 7, 8]. Wells Fargo opposed both Motions. [Docket No. 11, 13]. Additionally, Plaintiff filed an Opposition to Defendant's Motion to Dismiss, [Docket No. 12], and Wells Fargo filed its Reply in Support of Its Motion to Dismiss. [Docket No. 15]. Plaintiff then submitted a Proposed Order Granting Plaintiff's Preliminary Injunction, and inserted within, a Notice of Non-Opposition Motion for Preliminary Injunction. [Docket No. 18]. Importantly, Plaintiff has not filed a motion for preliminary injunction with this Court. Accordingly, there exists no motion for Wells Fargo to oppose. Thus, Plaintiff's Proposed Order and notice of non-opposition is completely unfounded and must be removed from the Court's docket

12252860

- 2 -

## II.

## LEGAL ARGUMENT

The removal statute is very clear in specifying the documents that are required to be accompanied with the notice of removal. Pursuant to 28 U.S.C. § 1446, a defendant removing a case to a federal district court must file with the notice of removal "a copy of all process, pleadings, and orders served upon such defendant, or defendants in such action." 28 U.S.C. § 1446(a). Rule 7(a) of the Federal Rules of Civil Procedure defines pleadings as a complaint, answer, answer to a counterclaim, third-party complaint, third-party answer, and a reply to an answer. Importantly, "[n]o other paper will be considered a pleading except those specifically named in Rule 7(a)." 2 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 7.02(1)(b) (citing *Burns v. Lawther*, 53 F.3d 1257, 1241 (11th Cir. 1995) (Fed. R. Civ. P. 7(a) contains a "clear and precise" definition of pleadings)).

Here, Plaintiff correctly cites Local Rule 7-2 (b), which requires a response to be filed within fifteen days after service of a motion. Additionally, Wells Fargo agrees with Plaintiff that Local Rule 7-2(d) states that failure to file points and authorities responding to a motion shall constitute consent to the granting of the motion. However, Plaintiff's assertion, that a response is required to a motion pursuant to Local Rule 7-2 (b) when that motion is not properly before this Court, is completely unsupported.

Plaintiff asserts that "Defendant's were required to file a Response and/or Opposition, no later than November 5, 2010."[1] *See* Proposed Order 2. Wells Fargo received a fax with the Summons and Complaint on October 4, 2010. Even though service was completely improper, Wells Fargo timely responded to Plaintiff's Complaint. Importantly, Plaintiff's asserted Motion for Preliminary Injunction was never served on Wells Fargo. Moreover, Plaintiff and Wells Fargo signed the Joint Status Report on November 18 and 19, indicating that, "the undersigned are unaware of any motions or pleadings in this action that were not already attached to the Notice of Removal or subsequently filed with the Court herein." [Docket No. 14].

---

[1] Ironically, Plaintiff requested that this Court stay proceedings pending the outcome of Plaintiff's Motion to Remand. [Docket No. 7]. It is unclear how Plaintiff can rationally request that this Court order a preliminary injunction against Defendants, while at the same time request that the Court stay proceedings pending its determination of Plaintiff's Motion to Remand.

12252860

- 3 -

If and when Plaintiff files a motion for a preliminary injunction, Wells Fargo will timely oppose it with points and authorities. However, at this juncture, the Court does not have a pending motion for a preliminary injunction to rule upon, and Wells Fargo has nothing further on the Court's docket to oppose. Accordingly, because there is not a motion pending before this Court that Wells Fargo has not timely responded to, Plaintiff's Proposed Order and Notice of Non-Opposition must be stricken.

### III.

### CONCLUSION

Based upon the foregoing, Wells Fargo respectfully requests that this Court strike Plaintiff's Proposed Order and Notice of Non-Opposition filed as Docket Number eighteen (18).

Dated: November 24, 2010.

SNELL & WILMER L.L.P.

By: /s/ Justin R. Cochran
Cynthia L. Alexander, Esq.
Justin R. Cochran, Esq.
3883 Howard Hughes Parkway
Suite 1100
Las Vegas, NV 89169

*Attorneys for Defendant Wells Fargo Bank, N.A*

12252860

- 4 -

**CERTIFICATE OF SERVICE**

I, the undersigned, declare under penalty of perjury, that I am over the age of eighteen (18) years, and I am not a party to, nor interested in, this action. On this date, I caused to be served a true and correct copy of the foregoing **DEFENDANT WELLS FARGO BANK, N.A.'S MOTION TO STRIKE PLAINTIFF'S PROPOSED ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** and **PLAINTIFF'S NOTICE OF NON-OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION PURSUANT TO LOCAL RULE 7-2(b), (d)** by method indicated below:

__X__   U.S. Mail

_____   U.S. Certified Mail

_____   Facsimile Transmission

_____   Federal Express

_____   Electronic Service via CM/ECF

and addressed to the following:

Rick Roberts Thomas
6775 Whispering Sands Dr.
Las Vegas, NV 89131

*Plaintiff in Pro Per*

DATED this 23 day of November, 2010

/s/ Bobbi Stewart
An employee of Snell & Wilmer L.L.P.

12252860

- 5 -