# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| RICK ROBERTS THOMAS, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:10-cv-01819-ECR-PAL |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| WACHOVIA MORTGAGE FSB, *et al.*, ) | |
| ) | |
| Defendants. ) | |

   Before the court is Plaintiff's Motion for Stay of Litigation Proceedings Pending Determination on Motion to Remand (Dkt. #7). The court has considered the motion, Defendant Wells Fargo Bank N.A.'s opposition (Dkt. #13), and Plaintiff's reply (Dkt. #17).

   The Complaint in this case was filed in state court and removed (Dkt. #1) October 19, 2010. Defendant Wells Fargo filed a Motion to Dismiss (Dkt. #4) October 26, 2010. Plaintiff filed a Motion to Remand (Dkt. #8) on October 27, 2010. In the current motion, Plaintiff, who is appearing in this matter *pro se*, requests a stay of all further litigation proceedings pending a decision on his motion for remand. Plaintiff argues that his motion to remand has substantial merit, and that no proceedings in this federal action are necessary or warranted while the court determines whether federal court is the proper jurisdiction to adjudicate Plaintiff's claims.

   Wells Fargo opposes the motion to stay, asserting Plaintiff has provided inadequate grounds to justify such an order. Although Defendant acknowledges the court has the inherent power to control the disposition of cases on its docket, it argues that the Plaintiff has not made out a clear case that hardship or inequity would result if the case is allowed to go forward. Plaintiff's motion to stay and motion to remand argues the court lacks subject matter jurisdiction because there is no federal question alleged in the Plaintiff's complaint. However, Wells Fargo removed this action to federal court based on

diversity, not federal question jurisdiction. Counsel for Wells Fargo argues that the parties would benefit from moving forward to the briefing on the pending motions as scheduled. Additionally, Wells Fargo wants to begin discovery to prevent further delays.

Plaintiff replies that all further litigation proceedings in this matter should be stayed while the court decides whether this case should proceed in federal court or state court. Plaintiff has asked the court to remand his case to state court based on abstention principals asserting he is seeking equitable relief and that the state court is the more appropriate forum to hear his claims.

Having reviewed and considered the moving and responsive papers, the court finds that Plaintiff has not established sufficient cause to stay these proceedings. Defendant Wells Fargo removed this case to federal court based on diversity jurisdiction, not federal question jurisdiction. Additionally, even if the Plaintiff is successful in having this case remanded to state court, the Defendant is entitled to discovery in either forum.

Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion for Stay (Dkt. #7) is **DENIED**.
2. The parties shall have until **December 22, 2010**, in which to conduct the Rule 26(f) conference, and to submit a proposed Discovery Plan and Scheduling Order as required by LR 26-1.

Dated this 30th day of November, 2010.

_____
Peggy A. Leen
United States Magistrate Judge