Cynthia L. Alexander, Esq.
Nevada Bar No. 6718
Justin R. Cochran, Esq.
Nevada Bar No.11939
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
Telephone (702) 784-5200
Facsimile (702) 784-5252
Email: calexander@swlaw.com
Email: jcochran@swlaw.com

*Attorneys for Defendant Wachovia Mortgage, a Division of Wells Fargo Bank, N.A., successor by merger with Wachovia Mortgage, FSB, and sued here as Wachovia Mortgage, FSB and Wells Fargo Bank N.A. ("Wells Fargo")*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RICK ROBERTS THOMAS an individual,<br><br>Plaintiff,<br><br>vs.<br><br>WACHOVIA MORTGAGE, FSB; WELLS FARGO BANK N.A.; NATIONAL DEFAULT SERVICING CORP.; MERSCORP, INC., a Virginia Corporation, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. a subsidiary of MERSCORP, Inc., a Delaware corporations; AND DOES I individuals 1 to 100, Inclusive; and all other persons and entities unknown claiming any right, title, estate, lien or interest in the real property described in the Complaint adverse to Plaintiff's ownership, or any cloud upon Plaintiff's title thereto,<br><br>Defendants. | CASE NO. 2:10-cv-01819<br><br><br><br>**WELLS FARGO'S MOTION TO EXPUNGE LIS PENDENS** |

Defendant Wachovia Mortgage, a Division of Wells Fargo Bank, N.A., successor by merger with Wachovia Mortgage, FSB, fka World Savings Bank, FSB, sued here as Wachovia Mortgage, FSB and Wells Fargo Bank, N.A., (collectively "Wells Fargo"), by and through its

counsel, the law firm of Snell & Wilmer, moves this Court for an order releasing the Notice of Lis Pendens Affecting Real Property (the "Lis Pendens") recorded by Plaintiff. This Motion is brought pursuant to Nevada Revised Statutes (NRS) 14.015 on the grounds that the Lis Pendens must be cancelled because Plaintiff is unable to satisfy the conditions precedent to the relief requested in the action insofar as it affects the title or possession of the real property.

Wells Fargo respectfully requests that the Court either hold a hearing as soon as possible pursuant to NRS 14.015, or issue the attached proposed Order Granting Motion to Expunge Lis Pendens, attached as Exhibit 1. This Motion is based on the following Memorandum of Points and Authorities, all pleadings and papers on file herein, and any oral argument allowed by this Court.

Dated April 29, 2011.

SNELL & WILMER L.L.P.

By: _____
Cynthia L. Alexander, Esq.
Justin R. Cochran, Esq.
3883 Howard Hughes Parkway
Suite 1100
Las Vegas, NV 89169

*Attorneys for Defendant Wachovia Mortgage, a Division of Wells Fargo Bank, N.A., successor by merger with Wachovia Mortgage, FSB, and sued here as Wachovia Mortgage, FSB and Wells Fargo Bank N.A. ("Wells Fargo")*

I.

**FACTUAL BACKGROUND**

The property involved in this action is located at 6775 Whispering Sands Drive, Las Vegas, Nevada 89131, APN 125-14-201-001 (the "Property"). *See* Clark County Assessor's Office Parcel Search Page for the Property, a true and correct copy of which is attached as Exhibit 2. Plaintiff chose to refinance the Property, and in 2007, executed a Deed of Trust in favor of Wells Fargo (then World Savings Bank, FSB) for $712,000.00 on June 8, 2007, recorded as

1  Document No. 20070620-0002037. A true and correct copy of the Deed of Trust is attached as
2  Exhibit 3. The lender and beneficiary under the Deed of Trust was World Savings Bank, FSB.
3  (now known as Wachovia Mortgage, a Division of Wells Fargo Bank, N.A.). Beginning in
4  March 2009, Plaintiff defaulted under the Deed of Trust by failing to make the requisite payments
5  and by September 23, 2009, was not less than $31,596.49 in arrears. *See* Notice of Default and
6  Election to Sell under Deed of Trust ("Notice of Default"), a true and correct copy of which is
7  attached as Exhibit 4. The Notice of Default was recorded as Document No. 20090923-0003661
8  by National Default Servicing Corporation ("NDSC") acting as an agent for Wachovia Mortgage,
9  FSB. *See id.*

10  NDSC, acting as an agent for Wachovia Mortgage, FSB, recorded the first of two Notices
11  of Trustee's Sale on March 16, 2010 as Document No. 20100316-0003804. *See* Notice of
12  Trustee's Sale, a true and correct copy of which is attached as Exhibit 5. NDSC recorded the
13  second and final Notice of Trustee's Sale on September 13, 2010 as Document No. 20100913-
14  0003481. *See* Notice of Trustee's Sale, a true and correct copy of which is attached as Exhibit 6.
15  The Notice of Trustee's Sale gave notice that the sale was scheduled for October 1, 2010 at 10:00
16  a.m. at the front entrance to the Nevada Legal News in Las Vegas, Nevada. No other action has
17  taken place regarding the Property subject to this action

18  Plaintiff filed his Complaint on September 14, 2010, which sets forth fraud and
19  conspiracy assertions relating to the funding of the loan and the non-judicial foreclosure
20  commenced pursuant to the Deed of Trust. Additionally, Plaintiff filed a Lis Pendens on
21  September 17, 2010, and recorded the same as Document No. 20100917-0000417, a true and
22  correct copy of which is attached as Exhibit 7.

23  II.
24  **LEGAL ARGUMENT**
25  A.   **Recording a Lis Pendens is a Powerful Pre-Trial Litigation Privilege.**
26  Nevada has embraced the concept that "the right to record a lis pendens is an
27  extraordinary privilege granted to a litigant by statute." *Coury v. Tran*, 895 P.2d 650, 652 (Nev.
28  1995) (quoting *Israelson v. Bradley*, 308 N.Y. 511, 127 N.E.2d 313, 315 (1955)). Once a lis

pendens is filed, it "clouds the title to the property and prevents its transfer until the litigation is resolved or the lis pendens is expunged." *See Malcolm v. Superior Court*, 29 Cal. 3d 518, 523, 629 P.2d 495 (Cal. 1981). "Accordingly, a lis pendens is a provisional remedy which should be applied narrowly." *See Urez Corp. v. Superior Court*, 190 Cal. App. 3d 1141, 1145 (Cal. Ct. App. 1987)

Although the purpose of a lis pendens is to give notice to third parties regarding a lawsuit relating to the property "and not to aid plaintiffs in pursuing claims, the practical effect of a recorded lis pendens is to render a defendant's property unmarketable and unsuitable as security for a loan . . . ." *See La Paglia v. Superior Court*, 215 Cal. App. 3d 1322, 1326 (Cal Ct. App. 1989). The potential for abuse is obvious. *Id.* Because a lis pendens is designed to protect third parties "rather than provide plaintiffs with an unfair advantage in litigation, courts have restricted rather than broadened application of this potentially devastating pretrial remedy." *Id.* at 1326-1327.

**B.    The Burden of Maintaining a Lis Pendens Lies with the Person who Recorded it.**

Nevada's lis pendens statute, NRS 14.010 et seq., "requires a plaintiff, at the time of filing a complaint affecting title or possession of real property, to record a notice of the pendency of the action with the recorder of the county where the real property is located." *Coury v. Tran*, 895 P.2d 650, 652 (1995) (citing NRS 14.010(1)). NRS 14.015(1) allows a party to challenge the propriety of a lis pendens at a hearing before the court. Importantly, the burden on maintaining the lis pendens falls on the party who recorded it. *See* NRS 14.015(2), (3); *see also Levinson v. Eighth Judicial District Ct.*, 109 Nev. 747, 751 (1993). NRS 14.015(2) provides that "[u]pon 15 days' notice, the party who recorded the notice of pendency of the action must appear at the hearing . . . ." At this hearing, Plaintiff must establish to the satisfaction of the court that:

(a)   The action is for the foreclosure of a mortgage upon the real property described in the notice or affects the title or possession of the real property described in the notice;

(b)   The action was not brought in bad faith or for an improper motive;

(c)   ***He will be able to perform any conditions precedent to the relief sought in the action insofar as it affects title or possession of the real property;*** and

(d)   He would be injured by any transfer of an interest in the property before the action is concluded.

NRS 14.015(2) (emphasis added). Additionally, Plaintiff must establish that he will be entitled to relief affecting the title or possession of the real property if he prevails, and either

(a) That he is likely to prevail in the action; or

(b) That he has a fair chance of succeeding on the merits in the action and the injury would be sufficiently serious that the hardship on him in the event of transfer would be greater than the hardship on the defendant resulting from the notice of pendency.

NRS 14.015(3).

"If the court finds that the party who recorded the notice of pendency of the action has failed to establish *any* of the foregoing requirements, 'the court shall order the cancellation of the notice of pendency and shall order the party who recorded the notice to record with the recorder of the county a copy of the order of cancellation.'" *Johnson v. Truckee River Highlands HOA, LLC*, 2010 U.S. Dist. LEXIS 127004 (D. Nev. Nov. 29, 2010) (citing NRS 14.015) (emphasis added).

C.   **Plaintiff Cannot Meet His Burden Because he is Unable to Perform the Conditions Precedent to Obtaining Relief Affecting Real Property.**

Plaintiff cannot perform the conditions precedent to the relief sought of wrongful foreclosure and quiet title because he has defaulted on his loan obligations and has not tendered full payment. In fact, Plaintiff has failed to make a loan payment on his $ 712,000.00 loan since March 2009. Importantly, an action for the tort of wrongful foreclosure exists only where the mortgagor can establish that he was not in breach of any condition that would have authorized the exercise of the power of sale. *See Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev. 1983). Here, Plaintiff has not disputed that he defaulted on his loan payments, in fact, he implicitly admits to default. (Compl. ¶ 25).

Plaintiff lacks standing to challenge a foreclosure of the property because he has failed to tender payments when due and payable. *See Collins,* 662 P.2d at 623; *see also FPCI RE-HAB v. E & G Investments, LTD.*, 207 Cal. App. 3d 1018, 1021 (Cal. Ct. App. 1989). Although a foreclosure sale has not occurred, to contest the validity of a foreclosure action, Plaintiff must

tender the undisputed amount due and payable to the lender on the secured debt. *See Abdallah v. United Sav. Bank*, 51 Cal. Rptr. 2d 286, 292 (Cal. Ct. App. 1996). Notably, the "tender rule" applies to any cause of action regarding irregularities in the sales procedure. *Id.* Should a defaulted borrower seek equitable judicial relief, the borrower must first "do equity" himself. *See NOLM, LLC v. County of Clark*, 100 P.3d 658, 663 (Nev. 2004); *Overhead Door Co. of Reno, Inc. v. Overhead Door Corp.*, 734 P.2d 1233, 1235 (Nev. 1987). A sale pursuant to a deed of trust "will not be enjoined when it appears by the complainant's own showing that no sale would be made if he should pay what he admits to be due and what he avers his ability and willingness to pay." *Meetz v. Mohr*, 141 Cal. 667, 673 (1904).

"The essential requisites of tender are: (1) An unconditional offer to perform, coupled with a manifested ability to carry out the offer; (2) A production of the subject matter of the contract; (3) The property tendered must not be less than what is due; and (4) If greater, there must be no demand for a return of the excess." *Guy F. Atkinson Co. v. Commissioner of IRS*, 814 F.2d 1388, 1393 (9th Cir. 1987). Here, Plaintiff has failed to meet any of the four tender conditions because he has not tendered, nor has he offered to tender the amount owed.

Importantly, courts enforce the tender rule strictly and have denied relief even when borrowers were unable to tender payment due to financial hardship. *See Karlsen v. American Savings & Loan Association*, 92 Cal. Rptr. 851, 854-55 (Cal. Ct. App. 1971); *see also Kraemer v. Kraemer*, 382 P.2d 394, 396 (Nev. 1963) (denying recovery of property despite evidence of fraud and procedural irregularities because plaintiff was unable financially to redeem property); *Hill v. Filsoof*, 618 S.E.2d 12, 14 (Ga. Ct. App. 2005) ("[n]either fraud nor poverty constitute an equitable excuse for failure to tender").

Plaintiff has not alleged that he tendered payment of the outstanding loan amount. (Compl. ¶ 25). Plaintiff could have prevented the acceleration of his loan by paying the amount that he owed, but Plaintiff failed to do so. Plaintiff must be able to show that he can tender the amount owed in order to meet the conditions precedent on his claims for wrongful foreclosure and quiet title. *See Josephson v. EMC Mortgage Corp*, 2010 U.S. Dist. LEXIS 128053 *3 (D. Nev. Nov. 19, 2010) (holding that the lis pendens should be expunged because a condition

1 precedent to any relief sought is the ability to cure the default on the loan); *see also Sipe v. McKenna*, 88 Cal. App. 2d 1001, 1006 (Cal. Ct. App. 1948) ("A party may not without payment of the debt, enjoin a sale by a trustee under a power conferred by a deed of trust, or have his title quieted against the purchaser at such a sale."). Plaintiff is unable to establish that he can perform the conditions precedent to quieting title in his name or succeeding on his cause of action for wrongful foreclosure. Accordingly, the lis pendens should be cancelled.

### III.

### CONCLUSION

Plaintiff is two (2) years and over Eighty Thousand Dollars ($80,000.00) in default of his loan obligations. He has been living in the Property for two years without making a payment. Plaintiff cannot meet the conditions precedent to obtaining relief relating to the property because he has not tendered the amounts due, nor has he offered to tender the amounts due. In order to maintain the lis pendens, Plaintiff must demonstrate to the satisfaction of the court the elements aforementioned under NRS 14.015. Plaintiff cannot satisfy these elements. Accordingly, Wells Fargo respectfully requests that the Court enter an order canceling the lis pendens.

Dated April 29, 2011.

SNELL & WILMER L.L.P.

By: _____
Cynthia L. Alexander, Esq.
Justin R. Cochran, Esq.
3883 Howard Hughes Parkway
Suite 1100
Las Vegas, NV 89169

*Attorneys for Defendant Wachovia Mortgage, a Division of Wells Fargo Bank, N.A., successor by merger with Wachovia Mortgage, FSB, and sued here as Wachovia Mortgage, FSB and Wells Fargo Bank N.A. ("Wells Fargo")*

Snell & Wilmer
L.L.P.
LAW OFFICES
3883 HOWARD HUGHES PARKWAY, SUITE 1100
LAS VEGAS, NEVADA 89169
(702)784-5200

## CERTIFICATE OF SERVICE

I, the undersigned, declare under penalty of perjury, that I am over the age of eighteen (18) years, and I am not a party to, nor interested in, this action. On this date, I caused to be served a true and correct copy of the foregoing by method indicated below:

__X__   U.S. Mail

_____   U.S. Certified Mail

_____   Facsimile Transmission

_____   Federal Express

_____   Electronic Service via CM/ECF

and addressed to the following:

Rick Roberts Thomas
6775 Whispering Sands Dr.
Las Vegas, NV 89131

*Plaintiff in Pro Per*

DATED April 29, 2011.

An employee of Snell & Wilmer L.L.P.