1

2

3

4                         **UNITED STATES DISTRICT COURT**
                              **DISTRICT OF NEVADA**
5

6

7
   RICK ROBERTS THOMAS,                    )    2:10-cv-01819-ECR-GWF
8                                          )
           Plaintiff,                      )
9                                          )
   vs.                                     )    <u>Order</u>
10                                         )
   WACHOVIA MORTGAGE, FSB; WELLS           )
11 FARGO BANK N.A.; NATIONAL DEFAULT       )
   SERVICING CORP.; MERSCORP, INC., a      )
12 Virginia Corporation, MORTGAGE          )
   ELECTRONIC REGISTRATION SYSTEMS,        )
13 INC., a subsidiary of MERSCORP,         )
   INC., a Delaware corporations; and      )
14 DOES I individuals 1 to 100,            )
   Inclusive; and all other persons        )
15 and entities unknown claiming           )
   any right, title, estate, lien or       )
16 interest in the real property           )
   described in the Complaint adverse      )
17 to Plaintiff's ownership, or to         )
   any cloud upon Plaintiff's title        )
18 thereto,                                )
                                           )
19         Defendants.                     )
                                           )
20 _____ )

21
          We note that none of the parties have petitioned the United
22
   States Judicial Panel on Multi-District Litigation to transfer the
23
   MERS-related claims in this case to District Judge James A. Teilborg
24
   for the District of Arizona in consolidation with In re: Mortgage
25
   Electronic Registration Systems (MERS) Litigation, Case No. 2:09-md-
26
   02119-JAT, but the case appears eligible for transfer.
27

28

Now pending are a motion (#4) to dismiss filed by Defendant
Wells Fargo Bank, N.A. ("Wells Fargo"), a motion (#8) to remand to
state court filed by Plaintiff; a motion (#19) to strike filed by
Defendant Wells Fargo and a motion (#28) to expunge lis pendens
filed by Defendant Wells Fargo.  The motions are ripe, and we now
rule on them.

## I. Factual Background

On or about June 8, 2007, Plaintiff secured a loan for the
purpose of purchasing real property located at 6775 Whispering Sands
Drive, Las Vegas, Nevada 89131 (the "Property"). (Compl. at 4, 7 (#1
Ex. 1).)  Plaintiff was in negotiations with a loan modification
program under the Home Affordable Modification Program ("HAMP") at
the time Defendants initiated foreclosure proceedings with respect
to the Property. (Id. at 7.)  Plaintiff asserts that he had several
communications with the lender as to the progress of the HAMP
program and as to why the foreclosure process commenced while
Defendants were still requesting income and expense documents for
further review. (Id.)  Plaintiff alleges, generally, that Defendants
initiated wrongful foreclosure proceedings with respect to the
Property and that they used the Mortgage Electronic Registration
Systems, Inc. system to engage in deceptive practices in the home
loan industry. (Id. at 8.)

## II. Procedural Background

Plaintiff filed his complaint (#1 Ex. 1) in state court on
September 13, 2010.  The case was removed to this Court on October

2

1  19, 2010.  On October 26, 2010, Wells Fargo filed its motion (#4) to

2  dismiss.  Plaintiff opposed (#12) and Wells Fargo replied (#15).  On

3  October 27, 2010, Plaintiff filed a motion (#8) to remand to state

4  court.  Wells Fargo opposed (#11) and Plaintiff replied (#16).  On

5  November 24, 2010, Wells Fargo filed a motion (#19) to strike

6  Plaintiff's proposed order granting Plaintiff's motion for

7  preliminary injunction.  On April 29, 2011, Wells Fargo filed a

8  motion (#28) to expunge lis pendens.  Plaintiff opposed (#29) and

9  Wells Fargo replied (#30).

10

11              **III. Plaintiff's Motion (#8) to Remand**

12      This Court has original jurisdiction over all claims that turn

13  on a substantial question of federal law pursuant to 28 U.S.C. §

14  1441(b).  Ultramar America, Ltd. v. Dwelle, 900 F.2d 1412, 1414 (9th

15  Cir. 1990).  Where a plaintiff claims to rely on a state remedy, but

16  the rights he possesses are actually based on federal law, federal

17  question jurisdiction exists.  Fristoe v. Reynolds Metals Co., 615

18  F.2d 1209, 1211-12 (9th Cir. 1980).

19      Here, Plaintiff's claims arise under the Real Estate Settlement

20  Procedures Act, 12 U.S.C. § 2602, and the Truth in Lending Act, 15

21  U.S.C. § 1601.  The majority of the claims asserted require the

22  court to determine what information Defendants had a duty to

23  disclose under federal law.  Additionally, Plaintiff alleges that

24  Defendants initiated predatory foreclosure actions against

25  Plaintiff's residence while he was in loan negotiations under the

26  federal HAMP program. (Compl. at 20 (#1 Ex. 1).)  Accordingly,

27  Plaintiff cites federal law on the face of his complaint (#1 Ex. 1).

28                              3

1    As this Court has original jurisdiction over claims involving
2 interpretation of federal law, the Court may adjudicate the entire
3 case, including state law claims, pursuant to the doctrine of
4 supplemental jurisdiction. 28 U.S.C. § 1441(c); 28 U.S.C. § 1376(a);
5 United Mine Workers of America v. Gibbs, 383 U.S. 715 (1966).  Here,
6 Plaintiff's claims revolve around allegations of erroneous and
7 misleading disclosures and/or allegations of bad faith and are thus
8 part of the same case or controversy within the meaning of 28 U.S.C.
9 § 1376. See Anderson v. Deutsche Bank Nat'l Tr Co., 2010 U.S. Dist.
10 LEXIS 120865 at *2-3 (D. Nev. Oct. 29, 2010).  Therefore, removal to
11 this Court was proper, and Plaintiff's motion (#8) to remand will be
12 denied.

13

14                    **IV. Motion to Dismiss Standard**

15    Courts engage in a two-step analysis in ruling on a motion to
16 dismiss. Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009); Bell Atlantic
17 Corp. v. Twombly, 550 U.S. 544 (2007).  First, courts accept only
18 non-conclusory allegations as true. Iqbal, 129 S. Ct. at 1949.
19 "Threadbare recitals of the elements of a cause of action, supported
20 by mere conclusory statements, do not suffice." Id. (citing Twombly,
21 550 U.S. at 555).  Federal Rule of Civil Procedure 8 "demands more
22 than an unadorned, the-defendant-unlawfully-harmed-me accusation."
23 Id.  Federal Rule of Civil Procedure 8 "does not unlock the doors of
24 discovery for a plaintiff armed with nothing more than conclusions."
25 Id. at 1950.  The Court must draw all reasonable inferences in favor
26 of the plaintiff. See Mohamed v. Jeppesen Dataplan, Inc., 579 F.3d
27 943, 949 (9th Cir. 2009).

28
                                   4

1    After accepting as true all non-conclusory allegations and
2 drawing all reasonable inferences in favor of the plaintiff, the
3 Court must then determine whether the complaint "states a plausible
4 claim for relief." Iqbal, 129 S. Ct. at 1949. (citing Twombly, 550
5 U.S. at 555).  "A claim has facial plausibility when the plaintiff
6 pleads factual content that allows the court to draw the reasonable
7 inference that the defendant is liable for the misconduct alleged."
8 Id. at 1949 (citing Twombly, 550 U.S. at 556).  This plausibility
9 standard "is not akin to a 'probability requirement,' but it asks
10 for more than a sheer possibility that a defendant has acted
11 unlawfully." Id.  A complaint that "pleads facts that are 'merely
12 consistent with' a defendant's liability...' stops short of the line
13 between possibility and plausibility of 'entitlement to relief.'"
14 Id. (citing Twombly, 550 U.S. at 557).

15

16              **V. Defendants' Motion (#4) to Dismiss**

17    Plaintiff alleges twelve causes of action for: (i) unfair
18 lending practices in violation of Nevada Revised Statutes § 598(D);
19 (ii) deceptive trade practices in violation of Nevada Revised
20 Statutes §§ 598.0915 and 598.0923; (iii) wrongful foreclosure; (iv)
21 conspiracy to commit fraud and conversion; (v) conspiracy to commit
22 fraud related to MERS system; (vi) inspection and accounting; (vii)
23 unjust enrichment; (viii) quiet title; (ix) breach of the covenant
24 of good faith and fair dealing; (x) injunctive relief; (xi)
25 declaratory relief; and (xii) rescission.

26   **A. First Cause of Action for Unfair Lending Practices**

27

28                              5

1    Plaintiff claims that Defendants violated Nevada Revised
2  Statutes § 598(D) by, among other things, making a loan to Plaintiff
3  that did not include an evaluation of Plaintiff's capacity to repay
4  such loan. (Compl. at 10 (#1 Ex. 1).)  This cause of action is time-
5  barred.  An action "upon statute for penalty or forfeiture" has a
6  two-year statute of limitations unless the statute provides
7  otherwise. NEV. REV. STAT. § 11.190(4)(b).  The plain language of §
8  598D indicates that it is a statute for a penalty and does not
9  contain its own limitations period. NEV. REV. STAT. § 598D.110; <u>Freeto</u>
10 <u>v. Litton Loan Serv., L.P.</u>, 2010 U.S. Dist. LEXIS 19949 (D. Nev.
11 Mar. 5, 2010).  Plaintiff obtained his loan from Defendants on or
12 about June 20, 2007, but did not file his complaint until September
13 13, 2010.  Further, he does not allege any facts to support a
14 request to toll the limitations period.  Plaintiff's first cause of
15 action for unfair lending practices will therefore be dismissed, as
16 such claim is time-barred.

17    **B. Second Cause of Action for Deceptive Trade Practices**

18    In his second cause of action, Plaintiff alleges that
19 Defendants engaged in deceptive trade practices in violation of
20 Nevada Revised Statutes §§ 598.0915 and 598.0923 by knowingly making
21 false representations to Plaintiff. (Compl. at 10-11 (#1 Ex. 1).)

22    Plaintiff has failed to plead his claim for deceptive trade
23 practices with sufficient particularity.  Plaintiff has not alleged
24 what false representations Defendants made to Plaintiff, nor when
25 such representations were made.  In addition, the complaint (#1 Ex.
26 1) lumps multiple Defendants together without differentiating
27 between them or the allegations against them.  See <u>Swartz v. KPMG</u>

28                                6

1  LLP, 476 F.3d 756, 764 (9th Cir. 2007) (noting that "Rule 9(b) does
2  not allow a complaint to merely lump multiple defendants together").
3  Plaintiff's second cause of action for deceptive trade practices
4  will therefore be dismissed.

5       **C. Third Cause of Action for Wrongful Foreclosure**

6       Plaintiff claims that Defendants engaged in wrongful
7  foreclosure by wilfully failing to properly review or consider
8  Plaintiffs' HAMP applications and/or failing to suspend the
9  foreclosure action and/or failing to provide Plaintiff any
10 alternative foreclosure prevention options as required by HAMP
11 guidelines and/or any other federal applicable guidelines. (Compl.
12 at 11 (#1 Ex. 1).)

13      Under Nevada law, "[a]n action for the tort of wrongful
14 foreclosure will lie if the trustor or mortgagor can establish that
15 at the time the power of sale was exercised or the foreclosure
16 occurred, no breach of condition or failure of performance existed
17 on the mortgagor's or trustor's part which would have authorized the
18 foreclosure or exercise of the power of sale." Collins v. Union Fed.
19 Sav. & Loan Ass'n, 662 P.2d 610, 623 (Nev. 1983).  Thus, "the
20 material issue of fact in a wrongful foreclosure claim is whether
21 the trustor was in default when the power of sale was exercised."
22 Id., see also Haley v. Elegen Home Lending, LP, 2010 U.S. Dist.
23 LEXIS 24590 at *1 (D. Nev. March 16, 2010) ("An action for wrongful
24 foreclosure requires that, at the time of the foreclosure sale, the
25 plaintiff was not in breach of the mortgage contract.").

26      Plaintiff has failed to state a claim for wrongful foreclosure
27 against Defendants.  First, Plaintiff's wrongful foreclosure claim
28
                                    7

is premature because Defendants have not yet sold the Property. See
In re Mortg. Elec. Registration Sys. (MERS) Litig., 744 F. Supp. 2d
1018, 6-7 (D. Ariz. 2010) ("[A] claim for wrongful foreclosure does
not arise until the power of sale is exercised.") (citing Collins,
662 P.2d at 623); Haley, 2010 U.S. Dist. LEXIS 24590 at *1 ("Haley
filed his complaint before the property was sold. As such, his claim
for wrongful foreclosure is premature and not actionable.")
(citations omitted).  However, insofar as Plaintiff requests
injunctive relief from harm arising out of a planned foreclosure
sale, "[Plaintiff's] claim for wrongful foreclosure [also] falls
short because [he has] failed to allege that [he was] not in default
on [his] loan obligations . . . ." Brey v. M&I Bank, 2010 U.S. Dist.
LEXIS 92260 at *5 (D. Nev. Sep. 2, 2010).  Plaintiff has failed to
allege that he is not in default on his loan obligations, and
consequently cannot state a valid claim for wrongful foreclosure.
See King v. GMAC Mortg., LLC, 2010 U.S. Dist. LEXIS 127563 at *2 (D.
Nev. Dec. 2, 2010) ("Here, plaintiff's claim fails as a matter of
law because she admits that she had fallen behind on her mortgage
payments, meaning she is unable to show that, at the time of
foreclosure, no breach of performance under the mortgage contract
had occurred"); Hasan v. Ocwen Loan Servicing, LLC, 2010 U.S. Dist.
LEXIS 69634 at *2 (D. Nev. July 12, 2010) ("In this case, Hasan does
not dispute his delinquency on the mortgage payments nor does he
allege that he cured his default prior to the trustee sale of his
property. Thus, Hasan fails to state a valid claim for wrongful
foreclosure."). Plaintiff's third cause of action for wrongful
foreclosure will therefore be dismissed.

**D. Fourth Cause of Action for Conspiracy to Commit Fraud and Conversion**

Plaintiff alleges that Defendants formed an association to conspire to deprive Plaintiff of his property through fraud and misrepresentation when Plaintiff entered into loan agreements for which he was not qualified and which would eventually result in his inability to make payments and stay in his home. (Compl. at 12 (#1 Ex. 1).)

Under Nevada law, an actionable civil conspiracy-to-defraud claim exists when there is (i) a conspiracy agreement; (ii) an overt act of fraud in furtherance of the conspiracy; and (iii) resulting damages to the plaintiff. Jordan v. State ex rel. Dept. of Motor Vehicles and Pub. Safety, 110 P.3d 30, 51 (Nev. 2005). "Thus, an underlying cause of action for fraud is a necessary predicate to a cause of action for conspiracy to defraud." Id. A showing of fraud, in turn, requires: (i) a false representation, (ii) knowledge or belief that the representation was false, (iii) intent to induce reliance on the representation, (iv) that the reliance must be justifiable, and (v) damages. Lubbe v. Barba, 540 P.2d 115, 117 (Nev. 1975).

A claim for conspiracy to commit fraud must be pled with the same particularly as the fraud itself. See Wanetick v. Mel's of Modesto, Inc., 811 F. Supp. 1402, 1406 n.3 (N.D. Cal. 1992)(so stating). Thus, under Rule 9(b), a party must state with particularity the circumstances constituting the conspiracy. See FED. R. CIV. P. 9(b). Allegations of conspiracy must be accompanied by "the who, what, when, where, and how of the misconduct charged."

1  See Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir.

2  2003)(so stating, with respect to fraud)(internal citations and

3  quotation marks omitted).  Thus, to state a claim for conspiracy, "a

4  plaintiff must allege with sufficient factual particularity that

5  defendants reached some explicit or tacit understanding or

6  agreement.  It is not enough to show that defendants might have had

7  a common goal unless there is a factually specific allegation that

8  they directed themselves towards this wrongful goal by virtue of a

9  mutual understanding or agreement."  S. Union Co. v. Sw. Gas Corp.,

10 165 F. Supp. 2d 1010, 1020-21 (D. Ariz. 2001)(internal citations and

11 quotation marks omitted).

12      Plaintiff has failed to plead his claim for conspiracy to

13 commit fraud with sufficient particularity.  Plaintiff has not

14 stated how or even when the alleged conspiracy was formed.

15 Plaintiff has not included any factual allegations pertaining to how

16 Defendants targeted Plaintiff.  In addition, the complaint (#1 Ex.

17 1) lumps multiple Defendants together without differentiating

18 between them or the allegations against them.  See Swartz v. KPMG

19 LLP, 476 F.3d 756, 764 (9th Cir. 2007) (noting that "Rule 9(b) does

20 not allow a complaint to merely lump multiple defendants together").

21 Such general allegations are insufficient because "[a] bare

22 allegation of a conspiracy is almost impossible to defend against,

23 particularly where the defendants are large institutions with

24 hundreds of employees entering into contracts and agreements daily."

25 Kendall v. Visa U.S.A., Inc., 518 F.3d 1042, 1047 (9th Cir. 2008).

26 Further, Plaintiff does not allege a cause of action with respect to

27 the alleged underlying fraud.

28

1   Finally, it should be noted that the title of Plaintiff's
2 fourth claim for relief is "Conspiracy to Commit Fraud and
3 Conversion." (Compl. at 12 (#1 Ex. 1).)   The substance of this
4 claim's allegations focuses on the fraud underlying the alleged
5 conspiracy, not conversion.   Nonetheless, to the extent the claim is
6 also premised on the underlying tort of conversion, Plaintiff
7 likewise fails to state a claim.   Conversion, under Nevada law, "is
8 a distinct act of dominion wrongfully exerted over personal
9 property."   Edwards v. Emperor's Garden Restaurant, 130 P.3d 1280,
10 1287 (Nev. 2006).   In this case, Plaintiff alleges that Defendants
11 conspired to deprive Plaintiff of his home.   Thus, the subject of
12 the alleged conversion is real property, not personal property.
13 Therefore, to the extent the conspiracy claim is premised on the
14 underlying tort of conversion, Plaintiff fails to state a claim.
15 Plaintiff's fourth claim for relief will therefore be dismissed.

16   **E. Fifth Cause of Action for Conspiracy to Commit Fraud Related**
17 **to MERS System**

18   Plaintiff claims that Defendants conspired to promote,
19 encourage, facilitate and actively engage in fraudulent and
20 predatory lending practices as part of the business policies and
21 practices of each Defendant in participating in the MERS system.
22 (Compl. at 14 (#1 Ex. 1).)

23   For the same reasons outlined above with respect to Plaintiff's
24 fourth cause of action, Plaintiff fails to plead the alleged
25 conspiracy to commit fraud related to the MERS system with
26 particularity.   Plaintiff's fifth cause of action will therefore be
27 dismissed.

28

11

**F. Sixth Cause of Action for Inspection and Accounting**

In his sixth cause of action, Plaintiff alleges that Defendants have failed to disclose information regarding his mortgage, and that Plaintiff is entitled to disclosure for copy inspection and accounting on Plaintiff's account information. (Compl. at 17 (#1 Ex. 1).)  This District has held that "[a]n action for inspection and accounting will prevail only where the plaintiff can establish that there exists a relationship of special trust between the plaintiff and defendant." Anderson v. Deutsche Bank Nat'l Tr Co., 2010 U.S. Dist. LEXIS 120865 at *4 (D. Nev. Oct. 29, 2010)(citing McCurdy v. Wells Fargo, 2010 U.S. Dist. LEXIS 110769 (D. Nev. Oct. 15, 2010))(internal quotation marks omitted).  Absent special circumstances, no such relationship exists between a lender and a borrower. Giles v. Gen. Motors Acceptance Corp., 494 F.3d 865, 882 (9th Cir. 2007).

Here, Plaintiff has failed to allege any special circumstances that would create the requisite fiduciary relationship between himself, as borrower, and one or more Defendants, as lender. See, e.g., McCurdy, 2010 U.S. Dist. LEXIS 110769(dismissing an action for inspection and accounting where plaintiff failed to allege the requisite relationship of trust).  Plaintiff's sixth cause of action for inspection and accounting will therefore be dismissed.

**G. Seventh Cause of Action for Unjust Enrichment**

Plaintiff alleges a cause of action for unjust enrichment, claiming that Defendants received insurance reimbursements that constitute an unjust enrichment because Defendants have been fully

12

1  or partially paid for any or all of their alleged losses with

2  respect to the Property. (Compl. at 18 (#1 Ex. 1).)

3       To set forth a claim for unjust enrichment, a plaintiff must

4  allege that a defendant unjustly retained money or property of

5  another against fundamental principles of equity. Contreras v.

6  Master Fin., Inc., 2011 U.S. Dist LEXIS 996 at *10 (D. Nev. Jan. 4,

7  2011). See also Asphalt Prods. Corp. v. All Star Ready Mix, 898 P.2d

8  699, 700 (Nev. 1995).  However, an action for unjust enrichment

9  cannot stand when there is an express written contract which guides

10 the activities of the parties. LeasePartners Corp. v. Robert L.

11 Brooks Trust Dated Nov. 12, 1975, 942 P.2d 182, 187 (Nev. 1997).

12      Here, Plaintiff entered into a written contract with respect to

13 the mortgage on the Property, namely, the Deed of Trust and the

14 Mortgage Note.  These documents guided the interactions, obligations

15 and rights of the parties.  As such, Plaintiff cannot make a claim

16 for unjust enrichment with respect to actions that are controlled by

17 a contract to which Plaintiff is a party. Contreras v. Master Fin.,

18 Inc., 2011 U.S. Dist. LEXIS 996 at *10. See also LeasePartners

19 Corp., 942 P.2d at 187-88.  Plaintiff's claim for unjust enrichment

20 will therefore be dismissed.

21      **H. Eighth Cause of Action for Quiet Title**

22      Plaintiff's eighth cause of action is for quiet title.

23 Plaintiff has failed to allege his ability to tender the amount owed

24 on the debt, as is required for a quiet title claim. Anderson v.

25 Deutsche Bank Nat'l Tr. Co., 2010 U.S. Dist. LEXIS 120865 (D. Nev.

26 Oct. 29, 2010); Kraemer v. Kraemer, 382 P.2d 394 (Nev. 1963).

27

28                                    13

1  Plaintiff's eighth cause of action for quiet title will therefore be
2  dismissed.

3      **I. Ninth Cause of Action for Breach of the Covenant of Good**
4  **Faith**

5      Plaintiff claims that Defendants breached the covenant of good
6  faith and fair dealing by, among other things, failing and/or
7  refusing to negotiate with Plaintiff in good faith after Plaintiff
8  requested mortgage payment assistance under HAMP. (Compl. at 20 (#1
9  Ex. 1).)

10     In every contract, there is an implied covenant of good faith
11 and fair dealing: "[w]hen one party performs a contract in a manner
12 that is unfaithful to the purpose of the contract and the justified
13 expectations of the other party are thus denied, damages may be
14 awarded against the party who does not act in good faith." Hilton
15 Hotels Corp. v. Butch Lewis Prods., Inc., 808 P.2d 919, 923 (Nev.
16 1991).  A breach of the covenant occurs "[w]here the terms of a
17 contract are literally complied with but one party to the contract
18 deliberately contravenes the intention and spirit of the
19 contract . . . ." Id. at 922-23.

20     Here, Plaintiff has failed to state a cause of action for
21 breach of the covenant of good faith and fair dealing.  Plaintiff
22 alleges that Defendants owed duties to "pay as much consideration to
23 Plaintiffs [sic] financial interests as to their own financial
24 interests" and to "comply with all applicable laws of the State of
25 Nevada and published by HAMP guidelines and requirements . . . ."
26 (Compl. at 20 (#1 Ex. 1).)  Plaintiff's factual allegations offered
27 in support of this cause of action merely address circumstances

28                                  14

preceding the loan contract or laws extraneous to the formation or execution of that agreement. <u>Huggins v. Quality Loan Servicing, LP</u>, 2011 U.S. Dist. LEXIS 12639 at *19 (D. Nev. Jan. 27, 2011).

**J. Tenth and Eleventh Causes of Action for Injunctive and Declaratory Relief**

Plaintiff's tenth and eleventh causes of action are for injunctive and declaratory relief. Injunctive and declaratory relief are remedies, as opposed to independent causes of action. <u>Dalton v. Citimortgage</u>, 2011 U.S. Dist. LEXIS 6108 (D. Nev. Jan. 20, 2011); <u>In re Wal-Mart Wage & Hour Employment Practices Litig.</u>, 490 F. Supp. 2d 1091, 1130 (D. Nev. 2007); <u>Josephson v. EMC Mortgage Corp.</u>, 2010 U.S. Dist. LEXIS 128053 (D. Nev. Nov. 19, 2010). Plaintiff's tenth and eleventh claims for relief will therefore be dismissed.

**K. Twelfth Cause of Action for Rescission**

Plaintiff argues that he is entitled to rescind the loan on the following five grounds: (i) Plaintiff's alleged consent was obtained only through Defendants' fraud and breach of fiduciary duties; (ii) Defendants never disclosed the true note holder to Plaintiff; (iii) Defendants failed to provide accurate federally-required disclosure; (iv) Defendants breached their contractual obligations to Plaintiff; and (v) the public interest would be prejudiced by permitting the alleged contract to stand, as such action would reward an unscrupulous lender. (Compl. at 23-24 (#1 Ex. 1).)

Rescission is an equitable remedy and not an independent cause of action. To the extent Plaintiff's claim for rescission is premised on an alleged Truth in Lending Act ("TILA") violation, the

15

request is time-barred.  TILA provides a three-year limitations period for claims for rescission.  15 U.S.C. §§ 1635(a) and (f). Plaintiff's TILA claim arose upon the execution of loan documents on or about June 20, 2007.  The statute of limitations on Plaintiff's claim for rescission would thus have expired on June 20, 2010. Plaintiff did not file this action (#1 Ex. 1) until September 13, 2010.  Thus, Plaintiff's claim is time-barred.  Accordingly, we conclude that dismissal of Plaintiff's twelfth cause of action for rescission is appropriate.

## VI. Defendant Wells Fargo's Motion (#19) to Strike

On November 24, 2010, Defendant Wells Fargo filed a motion (#19) to strike Plaintiff's proposed order granting Plaintiff's motion for preliminary injunction.  Because we will grant Defendant Wells Fargo's motion (#4) to dismiss, we will deny this motion (#19) to strike as moot.

## VII. Conclusion

In his complaint (#1 Ex. 1), Plaintiff has alleged twelve causes of action against Defendants related to foreclosure proceedings with respect to the Property.  We have found that this Court has jurisdiction over the federal and state claims alleged by Plaintiff in the complaint (#1 Ex. 1).  Plaintiff's motion (#8) to remand will therefore be denied.  Further, we have found that Plaintiff has failed to state a claim upon which relief may be granted with respect to each cause of action in the complaint (#1 Ex. 1).  Because we will grant Wells Fargo's motion (#4) to dismiss,

16

1   we will deny Wells Fargo's motion (#19) to strike as moot.  Finally,

2   we will grant Wells Fargo's motion (#28) to expunge lis pendens.

3

4       **IT IS, THEREFORE, HEREBY ORDERED** that Plaintiff's motion (#8)

5   to remand is **DENIED**.

6       **IT IS FURTHER ORDERED** that Defendant Wells Fargo's motion (#4)

7   to dismiss is **GRANTED**.

8       **IT IS FURTHER ORDERED** that Defendant Wells Fargo's motion (#19)

9   to strike is **DENIED** as moot.

10      **IT IS FURTHER ORDERED** that Defendant Wells Fargo's motion (#28)

11  to expunge lis pendens is **GRANTED**.

12      The Clerk shall enter judgment accordingly.

13

14  DATED: July 25, 2011.

15

16                                          UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25

26

27

28
                                     17